UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
ERIN SIEGFRIED and LEIGH HANLON                 :
                                                :       CASE NO. 1:10-CV-02713-JG
                Plaintiffs,                     :
                                                :
        v.                                      :       OPINION & ORDER
                                                :       [Resolving Doc. No. 8]
TAKEDA PHARMACEUTICALS                          :
NORTH AMERICA, INC.                             :
                                                :
                Defendant.                      :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this collective action alleging violations of federal and state wage and hour laws, Defendant Takeda Pharmaceuticals North America, Inc. ("TPNA") moves this Court to transfer the case to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a). [Doc. 8.] Plaintiffs Erin Siegfried and Leigh Hanlon oppose. [Doc. 18.]

For the following reasons, the court **GRANTS** Defendant TPNA's motion to transfer venue.

## I. Background

Plaintiffs Siegfried and Hanlon, professional sales representatives formerly employed by Defendant TPNA, bring this proposed collective action against Defendant TPNA under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03. The Plaintiffs allege that TPNA improperly classified them as exempt from overtime pay and, as a result, failed to pay the Plaintiffs statutorily mandated overtime

-1-

Case No. 1:10-CV-02713
Gwin, J.

for hours worked in excess of 40 hours per work week [Doc. 1.] The Plaintiffs seek damages and a permanent injunction under the Fair Labor Standards Act, and damages under the Ohio Minimum Fair Wage Standards Act. [Doc. 1 at 8.]

Defendant TPNA is headquartered in Deerfield, Illinois. [Doc. 8 at 1.] TPNA employed the Plaintiffs as sales representatives in Ohio, in order to promote TPNA's products to physicians in Cuyahoga County. [Doc. 18 at 2.]

The Plaintiffs are not the only TPNA employees currently pursuing claims against the Defendant. Prior to the Plaintiffs bringing this suit on December 1, 2010, another TPNA employee filed a proposed collective action in the Northern District of Illinois on September 29, 2010.[1] That suit alleges violations of the Fair Labor Standards Act, and also seeks declaratory judgment and damages in the amount of unpaid overtime wages. [Doc. 8-2.] On February 18, 2011, the parties in the Illinois case, *Jones v. Takeda Pharmaceuticals et al.*, stipulated that later filed and transferred cases could be consolidated with their suit. [Doc. 8-1.]

On January 12, 2011, after the *Jones* case was filed in Illinois, and after the instant action was filed in this Court, other TPNA employees filed a class action in the Court of Common Pleas of Cuyahoga County, Ohio. On February 16, 2011, that case, *Fryda et al. v. Takeda Pharmaceuticals et al.*, was removed to the Northern District of Ohio.[2] Plaintiffs in the *Fryda* suit allege violations of the Ohio Minimum Fair Wage Standards Act, and seek damages in the amount of unpaid overtime wages. [Doc. 8-4.] On February 22, 2011, the same day as the instant motion to transfer was filed

---

[1] *Beth Jones v. Takeda Pharmaceuticals North America, Inc., and Takeda Pharmaceuticals America, Inc.* No. 1:10-cv-06240.

[2] *Fryda et. al v. Takeda Pharmaceuticals North America, Inc. et. al*, No. 1:11-cv-00339.

Case No. 1:10-CV-02713
Gwin, J.

before this Court, Defendant TPNA also filed a motion to transfer the *Fryda* suit to the Northern District of Illinois. Because the *Fryda* suit is closely related to the instant action, it was transferred to this Court for consideration of the transfer motions in both cases.

## II. Section 1404(a) and Discretionary Factors

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Sixth Circuit requires "a district court [to] consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).

Typically, more than one forum could be an appropriate venue for trial and some inconvenience will exist to either party no matter which venue is chosen. Consequently, if a change of venue serves merely to shift the inconvenience from one party to another, a change of venue is generally not warranted. *Kirk v. Shaw Environmental, Inc.*, No. 1:09-cv-1405, 2010 WL 520827, *3 (N.D. Ohio Feb. 5, 2010) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)). "Consistent with that principle, a generalized assertion by a defendant that witnesses reside in, and documents are located in, the proposed transferee district, is generally insufficient to merit transfer." *Id.* (citing *Hartford Accident & Indem. Co. v. Dalgarno Transp., Inc.*, 618 F. Supp. 1450 (S.D. Miss. 1985)). Ultimately, "[t]he defendant, because it is the party requesting a transfer of venue, bears the burden of proof to show the factors weigh 'strongly' in favor of

Case No. 1:10-CV-02713
Gwin, J.

transfer." *Picker Intern, Inc., v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998). When a defendant makes such a showing, transfer is appropriate.

### III. Transfer Under § 1404(a)

The Plaintiffs do not contest TPNA's assertion that the Plaintiffs could have properly initiated this action in the Northern District of Illinois. [Doc. 8 at 11.] Thus, the Court will focus its analysis on § 1404(a)'s discretionary factors. *See Picker*, 35 F. Supp. 2d at 572; *see also* 28 U.S.C. § 1404(a). Specifically, the Court will consider convenience to the parties and potential witnesses, as well as public-interest concerns, including which forum has the greater interest in the suit as well as concerns over efficiency. *See Moses*, 929 F.2d at 1137. The decision to transfer ultimately lies within the Court's discretion. *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 887-88 (N.D. Ohio 1999).

*A. Private Interests of Parties*

The Court first considers the private interests of the parties—namely, convenience to the parties and potential witnesses, and the parties' interests in securing relevant documentary evidence. *Moses*, 929 F.2d at 1137.

Regarding convenience to the parties, the Plaintiffs allege that travel to Illinois would impose financial and logistical burdens on them as unemployed individuals, and could potentially jeopardize their future employment. [Doc. 18 at 11-12.] Though Plaintiff's choice of forum typically receives substantial weight, *Cinemark*, 66 F. Supp. 2d at 887-88, a plaintiff's choice of forum is not dispositive. Indeed, it may be overcome by a defendant's showing that other relevant factors weigh heavily in favor of transfer. *See United States ex rel. Kairos Scientia v. Zinsser Co.*, No. 10-cv-383, 2011 WL 127852, at *2 (N.D. Ohio Jan. 14 2011). In addition, there

Case No. 1:10-CV-02713
Gwin, J.

are several specific instances in which the importance of a plaintiff's choice of forum is further discounted. *See id.* at *2-3. One such instance is where, as here, a plaintiff seeks to certify a nationwide class. *Young v. Keibler Recreation, LLC*, 1:09-cv-1810, 2010 WL 395224, *5 (N.D. Ohio Jan. 26, 2010); *see also Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947). Accordingly, though the Plaintiffs' choice of forum weighs against transfer, the Court does not afford this factor substantially more weight than other factors which make up § 1404(a)'s convenience analysis.

Regarding convenience to the parties' potential witnesses, the parties argue that important witnesses reside in each venue. The Plaintiffs argue that many potential witnesses reside in Ohio: six former Professional Sales Representatives, three Managers, and approximately twelve other individuals with relevant information. [Doc. 18 at 4, 9.] The Defendant says that more relevant potential witnesses reside in Illinois and work from TPNA's Illinois headquarters—including at least two employees from the TPNA Human Resources Department, an unidentified number of witnesses from various Sales Management positions, and at least one individual from the marketing department. [Doc. 8 at 4-5.]

Convenience to witnesses is more than just a numbers game; a court should not merely tally witnesses but should instead evaluate the significance of their expected testimony. *See Young*, 2010 WL 395224, *6 (citing *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547-548 (S.D.N.Y.2008)). Because this is a wage dispute suit alleging that, as a matter of policy, the Defendant mis-classified an entire class of its employees and consequently withheld overtime pay, this Court finds that the witnesses of central relevance—senior and management level employees with policy-making and implementing authority—are located in Illinois.

Case No. 1:10-CV-02713
Gwin, J.

Moreover, that these centrally-relevant Illinois witnesses would not be subject to compulsory process in Ohio is critical. Under Federal Rule of Civil Procedure 45(c)(3), a subpoena may be quashed if it requires a witness to travel more than 100 miles. Though transferring this case to Illinois would merely shift which party's witnesses are beyond compulsory process, the more essential fact witnesses—and therefore the witnesses it is most important to subject to compulsory process—are those located in Illinois. *See Meagher v. Great Lakes Dredge & Dock Co.*, 201 F. Supp. 113, 115 (N.D. Ohio 1962). Though the Plaintiff argues that the Defendant may simply order its Illinois employees to appear in Ohio, [Doc. 18 at 9], the Court's concern is with judicial compulsion. *See Lassak v. American Defense Systems, Inc.*, No. 2:06-cv-1021, 2007 WL 1469408, #3 (S.D. Ohio May 18, 2007) (finding venue of transfer more convenient despite acknowledging that New York employer's witnesses could voluntarily appear at Ohio trial); *see also Gehm v. APL Logistics Warehouse Mgmt. Servs., Inc.*, 1:05cv804, 2006 WL 2056673, *3 (S.D. Ohio July 21, 2006). Therefore, the location of critical witnesses in Illinois, and this Court's inability to compel their appearance, weighs in favor of transfer.

Finally, as with the location and convenience of witnesses, both parties assert that documentary evidence is located in each venue. [Doc. 8 at 5, 13; Doc. 18 at 3, 8.] Just as a court should do more than merely tally witnesses, a court should give some consideration to the substantive relevance of the documents each party injects into the convenience analysis. *Cf. Young*, 2010 WL 395224, *6 (citing *ESPN, Inc.*, 581 F. Supp. 2d at 547-548). Documents likely to be of central importance to the instant wage dispute—payroll and personnel files, as well as company policies and procedures—are located in Illinois, as the Defendant's principal place of business is in Illinois. [Doc. 8 at 5.] Although documents can be transported, this factor

Case No. 1:10-CV-02713
Gwin, J.

nevertheless weighs in favor of transfer. *See Picker Int'l*, 35 F. Supp. 2d at 574.

In sum, the private interests of the parties support transfer to the Northern District of Illinois. TPNA presents factors that weigh heavily in favor of transfer: witnesses of central importance located in Illinois who would otherwise not be subject to compulsory process, and key documents located in Illinois. And, though the Plaintiffs may incur some inconvenience in traveling to Illinois, because the Plaintiffs seek to certify a nationwide class, the weight typically given to a plaintiff's choice of forum is discounted.

### B. Interests of Justice

In addition to the convenience of the parties and witnesses, the Court must also consider any public interest concerns, including systemic integrity and fairness, that are implicated by a decision to transfer. *See Moses*, 929 F.2d at 1137. This case involves two significant public interest concerns: the local forum's interest in this case and efficiency concerns.

First, the Plaintiffs suggest that venue should remain in Ohio, as Ohio has an interest in applying its own law. [Doc. 18 at 9.] This argument is unavailing, however, because the Ohio Minimum Fair Wage Standards Act uses the same standards as the federal Fair Labor Standards Act. "Because the Ohio statute at issue defers to the standards set out in the FLSA, familiarity with the applicable law is also not an issue that weighs in favor of either forum." *Eberline v. Ajilon LLC*, 349 F. Supp. 2d 1052, 1055 (N.D. Ohio 2004).[3]

The Plaintiffs next argue that Ohio's interest in providing a forum to its own residents weighs against transfer, [Doc. 18 at 10], and that litigation should go on where the case finds its

---

[3] "Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA." *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725, 732 (S.D. Ohio 2006) (citing *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, n.2 (6th Cir. 1997)).

-7-

Case No. 1:10-CV-02713
Gwin, J.

center of gravity, [*Id.* at 9]. These last two points are unpersuasive—even assuming that Ohio is the center of gravity of this dispute—in light of the fact that the Plaintiffs seek to certify a nationwide class that could include non-Ohio residents. [Doc. 1 at 2.] This Court is therefore not persuaded that Ohio has a significantly greater interest in providing the forum for this matter.

A second relevant public interest concern is judicial efficiency. Here, the fact that a nearly identical claim has been filed against the same defendant in the Northern District of Illinois is significant.[4/] The Supreme Court has "made quite clear that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)). The fact that the parties in the *Jones* case have stipulated that they will consolidate later filed and transferred cases, [Doc. 8-1], further supports transfer of this case—as well as the *Fryda* case, also filed in the Northern District of Ohio[5/]—to ensure the efficient use of resources and avoid duplicative results. *Id.*; *see also Krawec v. Allegany Co-Op Ins. Co.*, No. 1:08-CV-2124, 2009 WL 1974413, *6 (N.D. Ohio July 7, 2009).

Having found that the Defendant has met its burden to show that the factors of convenience and the interests of justice weigh in favor of transfer, this Court finds transfer under § 1404(a) appropriate.

### IV. First-to-File Rule

---

[4/] *Beth Jones v. Takeda Pharmaceuticals North America, Inc., and Takeda Pharmaceuticals America, Inc.*, No. 1:10-cv-06240 [Doc. 8-2.]

[5/] On February 16, 2011, *Fryda et. al v. Takeda Pharmaceuticals North American, Inc., et. al*, No. 1:11-cv-00339 (N.D. Ohio) was filed before District Judge Patricia A. Gaughan.

Case No. 1:10-CV-02713
Gwin, J.

The Defendant raises the first-to-file rule in further support of its motion to transfer. [Doc. 8 at 5-9.] Application of the first-to-file rule does not control the issue of transfer, as this Court has already found transfer appropriate under 1404(a). Nevertheless, the Court finds the appropriateness of transfer enhanced upon considering the factors that the first-to-file rule analysis requires.

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop of Ohio, Inc. v. Ed Tobergate Assoc., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)). In deciding whether to transfer a case pursuant to the first-to-file rule, the Court looks to three factors: "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 904 (N.D. Ohio 1999) (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir.1991)).

The first factor is easily satisfied. The *Jones* case was filed on September 29, 2010, [Doc. 8-2], before the instant action was filed on December 1, 2010. [Doc. 1.]

Second, similar parties are involved in the instant action and the *Jones* case. The Defendant here is TPNA, who is also a defendant, along with Takeda Pharmaceuticals America, Inc. ("TPA"), in the *Jones* case. [Doc. 1; Doc. 8-2.] Similarly, the Plaintiffs in the instant action, all Personal Sales Representatives employed by Defendant since September 1, 2007 [Doc. 1 at 2], make up part of the class designated in the *Jones* suit. The Plaintiffs in that suit are all

Case No. 1:10-CV-02713
Gwin, J.

"Medical Representatives," a group that includes Professional Sales Representatives. [Doc. 8-2 at 3.]

Although not identical, the parties involved in the *Jones* case represent a larger collection of both plaintiffs and defendants broad enough to cover the parties involved in the instant action and are therefore similar for purposes of the first-to-file rule. *See Long v. CVS Caremark Corp. No. 5:09-cv-1392, 2010 WL 547143, at \*3 (N.D. Ohio Feb. 11, 2010)*. Finding otherwise, as the Plaintiffs suggest, would require this Court to draw distinctions among various subgroups of class members based on the degree of autonomy afforded to them in their job duties. [Doc. 18 at 5-6.] The Court declines this invitation to hypothesize about the ability of various subgroups of class members to succeed on their claim.

Third, the instant action and the *Jones* case involve similar issues. The plaintiffs in both cases bring claims under the Fair Labor Standards Act, alleging incorrect classification as overtime-exempt employees. [Doc. 1 at 2; Doc. 8-2 at 2.] Though the Plaintiffs in the instant action also seek a permanent injunction under the Fair Labor Standards Act and allege violations of the Ohio Minimum Wage Act, [Doc. 1 at 8-9], these additional claims and requests for relief fail to defeat the substantial overlap between the issues involved in both cases. As previously discussed, adjudication of the Fair Labor Standards Act claim will resolve claims made under the Ohio Minimum Wage Act, because the statutes apply the same standards.[6/] Moreover, the issues need not be identical; minor differences are not enough to overcome a substantial similarity, as long as resolution of the first case leaves little to be resolved in the second. *See Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005). The Court

---

[6/] *See supra* note 1 and accompanying text.

Case No. 1:10-CV-02713
Gwin, J.

therefore finds all three factors of the first-to-file rule satisfied.

## V. Conclusion

After considering the convenience to the parties and witness, the interests of justice, and the similarity of this case to other cases with which it will be consolidated, the Court finds transfer of this case to the Northern District of Illinois warranted. Critical to this decision is that the motion to transfer was not a bare request by a corporate defendant for its own convenience and standing only in the face of the Plaintiff's choice of forum, but rather that one that presents an opportunity to consolidate litigation involving similar parties and issues.

For the foregoing reasons, the court **GRANTS** Defendant TPNA's motion to transfer this case to the United Stated District Court for the Northern District of Illinois.

IT IS SO ORDERED.


Dated: April 14, 2011                         s/     *James S. Gwin*
                                                                                     JAMES S. GWIN
                                                                                     UNITED STATES DISTRICT JUDGE